IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Ocean Semiconductor LLC<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Infineon Technologies AG and Infineon Technologies Americas Corp.,<br><br>　　　　　Defendants. | Civil Action No. 1:20-cv-12311-PBS |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO STAY PENDING _INTER PARTES_ REVIEW**

## <u>TABLE OF CONTENTS</u>

I.   FACTUAL AND PROCEDURAL BACKGROUND............................................................ 2

   A.   The Pending Litigation............................................................................................ 2

   B.   The Pending IPRs................................................................................................... 3

II.  LEGAL STANDARD FOR STAYING A PATENT CASE  PENDING *INTER PARTES* REVIEW ................................................................................................... 5

III. ARGUMENT ..................................................................................................................... 6

   A.   The Early Stage of this Litigation Strongly Favors a Stay.................................... 6

   B.   The IPRs' Potential to Simplify the Issues Strongly Favors a Stay ..................... 7

      1.   Regardless of Their Outcomes, the IPRs Have the Potential to Simplify This Case.......................................................................................................7

      2.   The Potential for the IPRs to Simplify This Case Warrants Staying the Case At Least Until the PTAB Issues Its Institution Decisions..........................8

   C.   A Stay Will Not Prejudice Ocean........................................................................ 11

      1.   Infineon Was Diligent in Seeking This Stay............................................11

      2.   Ocean's Legal Remedies Will Remain Available If the Stay Is Lifted ...................12

      3.   Ocean Neither Practices the Patents-in-Suit Nor  Competes with Infineon .............13

IV. CONCLUSION................................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*ACQIS, LLC v. EMC Corp.*,
   109 F. Supp. 3d 352 (D. Mass. 2015) ................................................................. passim

*Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*,
   2018 WL 4859167 (N.D. Cal. Sept. 28, 2018) ......................................................... 5

*Aplix IP Holdings v. Sony Comput. Ent.*,
   137 F. Supp. 3d 3 (D. Mass. 2015) .......................................................... 6, 7, 12, 13

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017) ................................................................................ 8

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
   C.A. No. 12-cv-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014) .................................. 13

*Bos. Heart Diagnostics Corp. v. Health Diagnostics Lab., Inc.*,
   No. 13-cv-13111-FDS, 2014 WL 2048436 (D. Mass. May 16, 2014) ........................................ 6

*DiversiTech Corp. v. Rectorseal, LLC*,
   No. 20-11896-NMG, 2021 WL 2953324 (D. Mass. July 14, 2021) ................................. 5, 7, 9

*Driessen v. Walmart Inc.*,
   514 F. Supp. 3d 122 (D.D.C. 2021) ......................................................................... 10

*Englishtown, Inc. v. Rosetta Stone Inc.*,
   962 F. Supp. 2d 355 (D. Mass. 2013) ........................................................................ 7

*Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*,
   No. 15-cv-30005-MGM, 2016 WL 1735330 (D. Mass. April 28, 2016) ......................... passim

*Kannuu Pty Ltd. v. Samsung Elecs. Co.*,
   19-cv-4297-DJR, 2021 WL 195163 (S.D.N.Y. Jan. 19, 2021) ................................................ 13

*KAZ USA, Inc. v. E. Mishan & Sons, Inc.*,
   No. 13-cv-40037-TSH, 2014 WL 3501366 (D. Mass. July 9, 2014) .................................... 5, 6

*NST Glob.., LLC v. SIG Sauer Inc.*,
   19-cv-792-PB, 2020 WL 1429643 (D.N.H. March 24, 2020) ....................................... 9, 10, 11

*Ocean Semiconductor LLC v. Analog Devices, Inc.*,
   1-20-cv-12310 (D. Mass.) ......................................................................................... 3

*Ocean Semiconductor LLC v. Huawei Device USA, Inc.*,
    4-20-cv-00991 (E.D. Tex.) ............................................................................ 3

*Ocean Semiconductor LLC v. Huawei Device USA, Inc.*,
    4-20-cv-00991, Dkt. No. 22 (E.D. Tex. Aug. 3, 2021) ................................... 3

*Ocean Semiconductor LLC v. MediaTek Inc.*,
    6-20-cv-01210 (W.D. Tex.) ............................................................................ 3

*Ocean Semiconductor LLC v. MediaTek Inc.*,
    6-20-cv-01210, Dkt. No. 32 (W.D. Tex. July 15, 2021) ................................. 3

*Ocean Semiconductor LLC v. NVIDIA Corp.*,
    6-20-cv-01211 (W.D. Tex.) ............................................................................ 3

*Ocean Semiconductor LLC v. NXP Semiconductors NV*,
    6-20-cv-01212 (W.D. Tex.) ............................................................................ 3

*Ocean Semiconductor LLC v. Renesas Elecs. Corp.*,
    6-20-cv-01213 (W.D. Tex.) ............................................................................ 3

*Ocean Semiconductor LLC v. Silicon Laboratories, Inc.*,
    6-20-cv-01214 (W.D. Tex.) ............................................................................ 3

*Ocean Semiconductor LLC v. STMicroelectronics Inc.*,
    6-20-cv-01215 (W.D. Tex.) ............................................................................ 3

*Ocean Semiconductor LLC v. Western Digital Techs.*,
    6-20-cv-01216 (W.D. Tex.) ............................................................................ 3

*Provisur Techs., Inc. v. Weber, Inc.*,
    5:19-cv-06021-SRB, 2019 WL 4131088 (W.D. Mo. Aug. 29, 2019) ....................... 9

*Purecircle USA Inc. v. SweeGen, Inc.*,
    No. 18-cv-1679, 2019 WL 3220021 (C.D. Cal. June 3, 2019) ......................... 10, 11

*SurfCast, Inc. v. Microsoft Corp.*,
    No. 12-cv-333, 2014 WL 6388489 (D. Me. Nov. 14, 2014) ................................... 6

*Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*,
    No. 18-cv-12029-ADB, 2019 WL 1767394  (D. Mass. April 22, 2019) ................ 6, 11, 12, 13

*Wi-LAN, Inc. v. LG Elecs., Inc.*,
    3:17-cv-00358-BEN-MDD, 2018 WL 2392161 (S.D. Cal. May 22, 2018) ............................ 9

*Zond, Inc. v. Intel Corp.*,
    No. 1:13-cv-11570-RGS, Dkt. 120 (D. Mass. April 18, 2014) ........................... 9, 10

*Zond, Inc. v. Toshiba Am. Elec. Components, Inc.*,
   No. 1:13-cv-11581-DJC, Dkt. 70 (D. Mass. Sept. 30, 2014) .......................................... 8, 9, 10

Defendants Infineon Technologies AG and Infineon Technologies Americas Corp. (together, "Infineon") respectfully move the Court to stay this case pending *inter partes* review ("IPR") of the eight patents-in-suit.  Each of the patents-in-suit are currently subject to an IPR petition, and institution decisions for each pending petition are due to issue over the next three to six months.  A stay of this case while the IPR process unfolds is warranted as the three traditional stay factors weigh heavily in favor of a stay.[1]

First, this case is at a very early stage.  Fact discovery has not yet commenced, and the initial scheduling conference is still a month away.  Courts in this District routinely grant stays pending IPR when, as here, they are filed before substantive litigation activities begin.

Second, a stay has great potential to simplify the case given that all asserted claims of the patents-in-suit have been challenged in the IPRs.  As currently constituted, this is a highly complex patent infringement suit involving eight largely unrelated patents, potentially 271 claims[2] across the eight patents, dozens of accused products, and a host of foreign third-parties from whom discovery will be needed.  Simply put, this is not the run of the mine patent case—it is a highly complex case that will likely require the parties and the Court spending considerable resources to navigate.  Such expenditure of resources, however, may be entirely unnecessary.  If the PTAB institutes trials against the patents-in-suit and finds the asserted claims unpatentable there will be nothing left for the parties or this Court to do.  Even if some claims of some patents

---

[1] Alternatively, at a minimum, Infineon respectfully requests that the Court issue a short stay of the case until the last of the pending institution decisions issues in late February or early March of 2022.  The Court could then determine whether to continue the stay based on the outcomes of those initial decisions.

[2] Ocean's current infringement allegations are largely premised on 35 U.S.C. § 271(g)—which necessarily limits its allegations to the method claims of the asserted patents.  Even if only the method claims are potentially at issue, however, there are 128 claims across the eight patents that are potentially at issue.

survive, the IPRs will still simplify this case because the Court would benefit from the reasoning behind any claim construction decisions made by the PTAB and any claims that do not survive will be eliminated from the case entirely.

Third, a stay will not unduly prejudice Ocean Semiconductor ("Ocean"), which seeks only monetary relief and is a non-practicing entity that does not compete with Infineon.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.      The Pending Litigation

Ocean filed its Complaint on December 31, 2020, and Infineon filed a motion to dismiss the Complaint on April 26, 2021.  Dkt. Nos. 1, 17.  The Court is scheduled to hear argument on Infineon's motion to dismiss on September 29, 2021.  Dkt. No. 29.

In its Complaint, Ocean alleges Infineon infringes eight patents, only two of which are related.[3]  *See, e.g.*, Dkt. No. 1 at ¶ 6.  Although Ocean currently alleges that Infineon infringes one claim from each patent[4], the eight patents have a collective ***271 claims*** that Ocean could eventually assert.

Ocean's infringement allegations for all eight patents are premised on Infineon and/or third-party foreign foundries Taiwan Semiconductor Manufacturing Co. ("TSMC") and United Microelectronics Corp. ("UMC") manufacturing dozens of different Infineon products using certain manufacturing tools that other third-parties like Applied Materials, Inc. developed.  *See, e.g.*, Dkt. No. 1 at ¶¶ 13 (defining "APC Products"), ¶¶ 103-122 (alleging infringement by same).

---

[3] The '248 and '305 patents share a common specification.  The other six patents are all unrelated.

[4] Dkt. No. 1 at ¶ 84 ("at least claim 19 of the '651 patent"), ¶ 105 ("at least claim 1 of the '402 patent"), ¶ 125 ("at least claim 1 of the '305 patent"), ¶ 145 ("at least claim 1 of the '248 patent"), ¶ 165 ("at least claim 1 of the '097 patent"), ¶ 186 ("at least claim 19 of the '330 patent"), ¶ 207 ("at least claim 1 of the '691 patent"), ¶ 227 ("at least claim 1 of the '538 patent").

This case is therefore unlike most typical patent suits in which the defendant possesses the bulk of the evidence the plaintiff needs to prove its case—here, the vast majority of that evidence is in the hands of third parties, including foreign third-parties like TSMC who likely must be served through the complex Hague Convention process.

In addition to suing Infineon, Ocean also sued Analog Devices, Inc. ("Analog Devices") in this District alleging that Analog Devices infringes all the patents-in-suit except for the '097 patent.[5]  Ocean also sued seven other companies in the Western District of Texas[6] and another company in the Eastern District of Texas.[7]  Trials in the Western District of Texas are set to begin in December 2022[8], while a pre-trial conference in the Eastern District of Texas is scheduled for August 2022.[9]

### B.    The Pending IPRs

After Ocean launched its infringement campaign, several companies began filing IPR petitions against Ocean's patents.  As shown in the chart below, Western Digital—one of the Western District of Texas defendants—filed petitions against two of the patents-in-suit this past spring, while Applied Materials—a third-party provider of certain tools and software that form

---

[5] *Ocean Semiconductor LLC v. Analog Devices, Inc.*, 1-20-cv-12310 (D. Mass.).

[6] *Ocean Semiconductor LLC v. MediaTek Inc.*, 6-20-cv-01210 (W.D. Tex.); *Ocean Semiconductor LLC v. NVIDIA Corp.*, 6-20-cv-01211 (W.D. Tex.); *Ocean Semiconductor LLC v. NXP Semiconductors NV*, 6-20-cv-01212 (W.D. Tex.); *Ocean Semiconductor LLC v. Renesas Elecs. Corp.*, 6-20-cv-01213 (W.D. Tex.); *Ocean Semiconductor LLC v. Silicon Laboratories, Inc.*, 6-20-cv-01214 (W.D. Tex.); *Ocean Semiconductor LLC v. STMicroelectronics Inc.*, 6-20-cv-01215 (W.D. Tex.); *Ocean Semiconductor LLC v. Western Digital Techs.*, 6-20-cv-01216 (W.D. Tex.).

[7] *Ocean Semiconductor LLC v. Huawei Device USA, Inc.*, 4-20-cv-00991 (E.D. Tex.).

[8] *See, e.g.*, *Ocean Semiconductor LLC v. MediaTek Inc.*, 6-20-cv-01210, Dkt. No. 32 (W.D. Tex. July 15, 2021)

[9] *Ocean Semiconductor LLC v. Huawei Device USA, Inc.*, 4-20-cv-00991, Dkt. No. 22 (E.D. Tex. Aug. 3, 2021).

the crux of Ocean's infringement allegations—filed petitions against five additional patents on August 3, 2021.[10]  STMicroelectronics—another one of the Western District of Texas defendants—filed the most recent petition on August 20, 2021 against the '097 patent.  With STMicroelectronics's most recent filing, all eight patents-in-suit are now subject to an IPR challenge.

| Petitioner | Docket No. | Patent | Challenged Claims | Filing Date | Institution Deadline | Status |
|---|---|---|---|---|---|---|
| Western Digital | IPR2021-00864 | '651 | 19, 22, 73, 74-75, 77, 79, 81 | 04/29/2021 | 11/20/2021 | Pending Institution |
| Western Digital | IPR2021-00929 | '330 | 19-21 | 05/18/2021 | 11/26/2021 | Pending Institution |
| Applied Materials | IPR2021-01339 | '538 | 1-16, 18-26, 28-31 | 08/03/2021 | 02/12/2021 | Pending Institution |
| Applied Materials | IPR2021-01340 | '402 | All | 08/03/2021 | 02/12/2021 | Pending Institution |
| Applied Materials | IPR2021-01342 | '248 | All | 08/03/2021 | 02/19/2021 | Pending Institution |
| Applied Materials | IPR2021-01344 | '305 | 1-25, 33-53 | 08/03/2021 | 02/19/2021 | Pending Institution |
| Applied Materials | IPR2021-01348 | '691 | 1-19 | 08/03/2021 | X | Pending Institution |
| STMicro | IPR2021-01349 | '097 | 1-17 | 08/20/2021 | Feb. or Mar. 2021[11] | Pending Institution |

---

[10] Although Applied Materials identified Infineon as a potential real party-in-interest to its five petitions, Infineon was not involved in the preparation or filing of those petitions.  Likewise, Infineon was not involved in the preparation or filing of the other three petitions.

[11] As of the filing of this motion, STMicroelectronics' petition had not yet been afforded a filing date.  An institution decision will be due no later than six months from the filing date, *i.e.*, late February or early March.

As shown above, decisions on the pending IPR petitions are due over the next 3-6 months and could issue sooner.  If instituted, final written decisions would be due within one year from the institution date.

## II.    LEGAL STANDARD FOR STAYING A PATENT CASE PENDING *INTER PARTES* REVIEW

Courts have discretion in managing their own dockets, and are authorized to stay cases "where appropriate, including during the pendency of an IPR before the PTO." *DiversiTech Corp. v. Rectorseal, LLC*, No. 20-11896-NMG, 2021 WL 2953324 at *1 (D. Mass. July 14, 2021) (granting stay); *see also Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*, No. 15-cv-30005-MGM, 2016 WL 1735330, *2 (D. Mass. April 28, 2016) (granting stay).  "Courts have recognized a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, 2018 WL 4859167, at *1 (N.D. Cal. Sept. 28, 2018) (quotation omitted); *KAZ USA, Inc. v. E. Mishan & Sons, Inc.*, No. 13-cv-40037-TSH, 2014 WL 3501366, at *2 (D. Mass. July 9, 2014) (recognizing same liberal policy and granting stay).

Courts consider three factors in deciding whether to stay a case pending resolution of an IPR:

> (1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party.

*ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 356 (D. Mass. 2015).  "The analysis considers the totality of the circumstances." *Id.*

## III.    ARGUMENT

### A.    The Early Stage of this Litigation Strongly Favors a Stay

"The earlier the stage of proceedings, the greater the reason to grant a stay." *Id*. (quoting *SurfCast, Inc. v. Microsoft Corp.*, No. 12-cv-333, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014)).  This case is in its earliest stages.  No schedule has been set, discovery has not yet opened, no party has served contentions, claim construction proceedings have not begun, and a trial is far in the future.

Unsurprisingly, courts in this District have routinely found that the first stay factor weighs heavily in favor of a stay when, as here, the proceeding is in its infancy.  *See, e.g.*, *KAZ USA*, 2014 WL 3501366, at *4 (finding that case in "very early stages" "weigh[ed] ***heavily*** in favor of granting the stay" where "[l]ittle discovery ha[d] taken place and the parties ha[d] yet to exchange their claim constructions"); *Irwin Indus. Tool*, 2016 WL 1735330, at *3 (finding first factor "weighs ***strongly*** in favor of granting stay" when "discovery has just begun, no *Markman* hearing has been held, no claim construction pleadings have been filed or considered by the court, and no trial date has been set"); *Aplix IP Holdings v. Sony Comput. Ent.*, 137 F. Supp. 3d 3, 5 (D. Mass. 2015) (finding first factor weighed in favor of granting a stay where "discovery has not occurred and the court has not set a trial date"); *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, No. 18-cv-12029-ADB, 2019 WL 1767394, at *6 (D. Mass. April 22, 2019) (finding first factor weighed in favor of granting a stay where "[t]he Court has not yet set a schedule for discovery; no Markman hearing has taken place; summary judgment motions have not been filed; no trial has been scheduled"); *Bos. Heart Diagnostics Corp. v. Health Diagnostics Lab., Inc.*, No. 13-cv-13111-FDS, 2014 WL 2048436, at *2, *4 (D. Mass. May 16, 2014) (finding that "very early stage" of litigation weighed in favor of a stay where discovery had not begun and no dates had been set for a Markman hearing or trial and explaining that "[s]tays pending

reexamination are routinely granted for cases in the initial stages of litigation") (quotation omitted).

The early stage of the proceedings weighs strongly in favor of a stay.

**B.      The IPRs' Potential to Simplify the Issues Strongly Favors a Stay**

**1.      Regardless of Their Outcomes, the IPRs Have the Potential to Simplify This Case**

There are eight patents-in-suit and potentially over 271 claims in this case.  Granting Infineon's requested stay will reduce the burden on the parties and the Court because the IPR proceedings have the potential to significantly simplify—indeed, potentially resolve entirely—the issues in this case.  *ACQIS*, 109 F. Supp. 3d at 358 ("IPRs are likely to simplify the issues in this case, regardless of the[ir] specific outcomes.").

For example, there is a high likelihood that the pending IPRs may resolve the case entirely by invalidating the asserted claims.  *See* Exh. A at 12 (58% of PTAB's final written decisions thus far issued in FY21 have held all challenged claims unpatentable, *i.e.*, 147 out of 253).  Such a resolution will unquestionably simplify the case and weighs in favor of a stay. *Englishtown, Inc. v. Rosetta Stone Inc.*, 962 F. Supp. 2d 355, 360 (D. Mass. 2013) (citing PTO "historical data" to conclude reexamination was likely to "reduce the number of issues for trial"); *Aplix IP*, 137 F. Supp. 3d at 5 ("If the PTO finds all five patents invalid, the inter partes review would simplify the case by rendering all of Aplix's claims for infringement moot.") (cleaned up; quotation omitted); *DiversiTech*, 2021 WL 2953324, at *3 (recognizing IPRs challenging all asserted claims present "the maximum potential for simplification of issues") (quotation omitted); *Irwin Indus.*, 2016 WL 1735330, at *3 ("[T]he *IPR* ruling will eliminate the need for any trial if all claims are canceled….").

Even if only some of the challenged claims are invalidated, the case will still be simplified. *See* Exh. A at 12 (21% of PTAB's final written decisions thus far issued in FY21 have held some challenged claims unpatentable, *i.e.*, 53 out of 253). The invalidated claims will be eliminated from the case entirely. Moreover, statements Ocean makes during the course of the IPR trial become part of the patent's prosecution history and will shed further light on the proper construction of any claims that are not invalidated, potentially streamlining the claim construction process. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding can be considered during claim construction and relied upon to support a finding of prosecution disclaimer."); *Irwin Indus.*, 2016 WL 1735330, at *3 ("[E]ven if most or all of the claims survive IPR, the PTAB's order will facilitate trial by providing the court with the PTAB's expert opinion and likely will clarify the scope of the claims remaining for trial.").

Even in the low probability event that no claims are invalidated in a final written decision(s), the Court will still benefit from the PTAB's analyses and conclusions to streamline any remaining invalidity issues. And the prosecution history benefits identified above will apply as well.

2.     **The Potential for the IPRs to Simplify This Case Warrants Staying the Case At Least Until the PTAB Issues Its Institution Decisions**

Ocean may suggest that the IPRs' potential to simplify this case is speculative because the PTAB has not yet issued institution decisions. Such a suggestion, however, ignores the PTAB's current per patent institution rate of 67%. Exh. A at 7.

Moreover, courts in this District (and elsewhere) often stay cases prior to an institution decision. *See, e.g., Zond, Inc. v. Toshiba Am. Elec. Components, Inc.*, No. 1:13-cv-11581-DJC, Dkt. 70 (D. Mass. Sept. 30, 2014) (granting pre-institution stay: "[T]he Court does not conclude

that Zond will be prejudiced by a delay of a few months while there is a determination of whether the IPR petitions will go forward; and the IPR matters, if instituted, will likely serve to simplify the issues in this case. Accordingly, [i]n light of the pending IPR petitions and likely timing of a decision about those matters moving forward, the case is stayed…")[12]; *DiversiTech Corp.*, 2021 WL 2953324, at *3 (granting pre-institution stay: "That the PTO has not yet made a decision regarding whether to institute IPR does not significantly alter the analysis."); *Zond, Inc. v. Intel Corp.*, No. 1:13-cv-11570-RGS, Dkt. 120 (D. Mass. April 18, 2014) (granting pre-institution stay; "The Court believes that the IPR process will likely simplify and clarify the dispute for the parties, and the Court will benefit from the expert claim analysis of the PTO."); *see also NST Glob.., LLC v. SIG Sauer Inc.*, 19-cv-792-PB, 2020 WL 1429643, *4 (D.N.H. March 24, 2020) (granting pre-institution stay and noting that "courts in numerous other districts across the country have granted stays before IPR was instituted"); *Provisur Techs., Inc. v. Weber, Inc.*, 5:19-cv-06021-SRB, 2019 WL 4131088, *2 (W.D. Mo. Aug. 29, 2019) (granting pre-institution stay; "[T]he Court finds the IPR proceedings' potential impact is enough to await at least the PTAB's initial institution decisions before moving forward."); *Wi-LAN, Inc. v. LG Elecs., Inc.*, 3:17-cv-00358-BEN-MDD, 2018 WL 2392161, *2 (S.D. Cal. May 22, 2018) (granting pre-institution stay; "While review is not guaranteed and, therefore, the benefits of review are only speculative at this juncture, in light of the Supreme Court's mandate to review all contested claims upon grant of IPR and the complexity of this case, the Court finds this factor

---

[12] In fact, in *Zond* the simplification was significant.  The PTAB invalidated 240 claims across six of the seven patents asserted in the district court litigation.  No. 1:13-cv-11581-DJC, Dkt. 80 (D. Mass. Nov. 4, 2015). Consequently, the case settled shortly thereafter without the need to litigate the remaining claims.

weighs in favor of a limited stay of proceedings until the PTO issues its decisions on whether to institute IPR.").

Courts granting pre-institution stays typically do so for two reasons that apply to this case as well.

First, "if IPR is not instituted, the stay will be short…and the case can move forward after a relatively brief pause." *NST Glob.*, 2020 WL 1429643, at *4 (quotation omitted); *Zond, Inc. v. Toshiba Am. Elec. Components, Inc.*, No. 1:13-cv-11581-DJC, Dkt. 70 (D. Mass. Sept. 30, 2014) ("[T]he Court does not conclude that Zond will be prejudiced by a delay of a few months while there is a determination of whether the IPR petitions will go forward."); *Driessen v. Walmart Inc.*, 514 F. Supp. 3d 122, 125 (D.D.C. 2021) (granting six-month pre-institution stay because "even if institution of IPR is denied, a stay will be relatively short") (cleaned up; quotation omitted); *Purecircle USA Inc. v. SweeGen, Inc.*, No. 18-cv-1679, 2019 WL 3220021, *2 (C.D. Cal. June 3, 2019) (same).  Here, any stay will likely be no more than six months long and if the PTAB does not institute IPR proceedings against any of the patents, the case would proceed forward.  Given that Ocean seeks only monetary damages (*infra* Section III.C.2) and does not compete with Infineon (*infra* Section III.C.3), the prejudice to Ocean from a short six-month stay is minimal.

Second, if the Court defers ruling on the stay until post-institution, "the parties and the court will need to move through several labor-intensive stages of litigation that may ultimately be rendered meaningless or duplicative." *NST Glob.*, 2020 WL 1429643, at *4; *Zond, Inc. v. Intel Corp.*, No. 1:13-cv-11570-RGS, Dkt. 120 (D. Mass. April 18, 2014) ("[A] a stay will promote efficiency and economy as the Court and the litigants will be relieved of conducting a costly and time-consuming analysis for present purposes that may well be nullified by the

reexamination process."); *Purecircle*, 2019 WL 3220021, at *2 ("Although courts in this District have acknowledged the speculative nature of simplification where, as here, the PTAB has not yet made an institution decision, many courts have ultimately been persuaded that the potential to save significant judicial resources sways the analysis in favor of stay."). Here, absent a stay, the parties and the Court will need to engage in oral argument on Infineon's motion to dismiss, will likely need to exchange initial infringement and invalidity contentions, and may even need to start the resource-consuming *Markman* process. "These efforts would be wasted if the PTO then granted review and invalidated some of or all of the claims at issue." *NST Glob.*, 2020 WL 1429643, at *4.

A short stay at least until the PTAB has issued its institution decisions is warranted.

**C.      A Stay Will Not Prejudice Ocean**

The third factor weighs "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Teva*, 2019 WL 1767394, at *7 (quotation omitted). Delay is inherent with any stay, and therefore "[a] party seeking to avoid a stay must establish undue prejudice separate from the potential for delay, such as a dilatory motive on the part of the party seeking a stay, unavailability of legal remedies once the stay is lifted, or the parties' relationship as direct competitors in the marketplace." *Id.* Each of these considerations supports staying the case.

**1.      Infineon Was Diligent in Seeking This Stay**

Infineon was diligent in seeking a stay as it is filing this motion within a week after the last of the patents-in-suit was challenged and less than a month after the majority of the patents-in-suit were challenged. *Cf. ACQIS*, 109 F. Supp. 2d at 359 (finding motion to stay filed one month after petitions were instituted was "timely").

Moreover, although Infineon was not involved in preparing or filing the IPR petitions, those petitions were nonetheless filed while this case was in its earliest stages thereby underscoring the lack of dilatory motive behind Infineon's stay request.  *See, e.g., Aplix IP*, 137 F. Supp. 3d at 6 (finding stay appropriate where IPR was sought "while this litigation was in its early stages"); *Irwin Indus.*, 2016 WL 1735330, at *3 (same); *Teva*, 2019 WL 1767394, at *9 (granting stay where defendant "requested a stay at the outset of the litigation").

### 2.    Ocean's Legal Remedies Will Remain Available If the Stay Is Lifted

A stay is appropriate when "[t]here is no indication that the imposition of a stay at this time will cause [a patentee] to lose any presently available legal remedies."  *Teva*, 2019 WL 1767394, at *8.  Here, Ocean seeks only monetary damages which will be available even if the case is stayed pending completion of the IPR process.  Dkt. No. 1 at ¶ 7 ("[Ocean] seeks monetary damages and prejudgment interest for Defendants' past and ongoing direct and indirect infringement of the Asserted Patents."), pp. 77-78 ("Prayer for Relief") (seeking only monetary relief); *ACQIS*, 109 F. Supp. 2d at 358 (granting stay where plaintiff "has not identified any reason why money damages would not suffice to compensate it for any harm incurred during the stay"); *Teva*, 2019 WL 1767394, at *8 ("Any delay to a party's recovery of monetary damages is not meaningful where the prevailing party in patent cases may recover prejudgment interest.") (cleaned up; quotation omitted).

Consistent with its focus on monetary damages, Ocean has not sought a preliminary injunction, which "'undermin[es] its claim of undue prejudice.'" *Aplix IP*, 137 F. Supp. 3d at 6 (quoting *ACQIS*, 109 F.Supp.3d at 358).  Although not alone dispositive of the third stay factor, courts routinely find a patentee's failure to seek injunctive relief to be strong evidence that a stay will not cause the patentee to suffer undue prejudice. *E.g.*, *Teva*, 2019 WL 1767394, at *8 ("Teva has not sought a preliminary injunction.  There is no indication that the imposition of a

stay at this time will cause Teva to lose any presently available legal remedies, such as money damages or the opportunity to obtain a declaratory judgment."); *NST Glob.*, 2020 WL 1429643, at *5 ("I note that [patentee]did not request a preliminary injunction in this case. While failure to seek a preliminary injunction is not, in and of itself, reason to completely disregard concerns about prejudice, it is evidence of how serious [patentee] takes those concerns.").

That Ocean only seeks monetary—not equitable—relief and that such relief will be available for Ocean to pursue regardless of a stay weighs in favor of a staying this suit.

### 3.   Ocean Neither Practices the Patents-in-Suit Nor Competes with Infineon

In its Complaint, Ocean neither alleges it practices the Patents-in-Suit nor alleges that it competes with Infineon in the market.  Courts routinely find the absence of such facts undermines a plaintiff's claim of undue prejudice from a stay.  *See, e.g.*, *ACQIS*, 109 F. Supp. 3d at 358 (finding plaintiff would suffer no undue prejudice from a stay where plaintiff "is a non-practicing entity" that "does not participate in the market" for the accused products); *Aplix*, 137 F. Supp. 3d at 6 (same); *Kannuu Pty Ltd. v. Samsung Elecs. Co.*, 19-cv-4297-DJR, 2021 WL 195163, *11 (S.D.N.Y. Jan. 19, 2021) (same); *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No. 12-cv-1107-GMS, 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014) (holding that the plaintiff's "status as a non-practicing entity, rather than a market participant, suggests there is little risk that it will lose sales or goodwill in the market" if a stay is granted).

## IV.   CONCLUSION

A stay of this entire suit pending completion of the IPR process is warranted for the reasons discussed above.

Alternatively, Infineon respectfully requests that the Court (i) issue a short stay of the entire suit at least until the PTAB has issued its institution decisions for the Patents-in-Suit—

decisions which will likely issue no later than February 2022—and (ii) order the parties to submit further briefing to address whether the entire case should remain stayed within fourteen days of the last of the institution decisions to issue.

Respectfully submitted,

Date: August 27, 2021

*/s/ Gregory F. Corbett*
Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO #670249)
nspeed@wolfgreenfield.com
Marie A. McKiernan (BBO #689818)
mmckiernan@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

*Counsel for Infineon Technologies AG and Infineon Technologies Americas Corp.*

<u>**CERTIFICATE OF SERVICE**</u>

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

Dated: August 27, 2021                              /s/ *Gregory F. Corbett*

                                                      Gregory F. Corbett